IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 27 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 2:15cv 101-KS-MTP |
| CLARKE COUNTY, MISSISSIPPI ELECTION COMMISSION, Defendant. | ) ) ) ) ) |
| **Serve:** Viola W. Davis, Chair 117 County Road 2671 Shubuta, MS 39360 | ) ) ) ) ) ) |

## COMPLAINT

Plaintiff, by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §20507.

1. Plaintiff seeks declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the NVRA. Specifically, Defendant has violated Section 8 by failing to make a reasonable effort to conduct voter list maintenance programs in elections for federal office and by failing to produce records and data related to those efforts, as required by Section 8. Plaintiff seeks injunctive relief commanding Defendant to permit inspections of election records pursuant to 52 U.S.C. §20507(i). Plaintiff also seeks a declaration and an injunction requiring Defendant to conduct and execute effective voter list maintenance programs in a manner that is consistent with federal law.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. §20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff American Civil Rights Union, Inc., ("ACRU") is a non-profit corporation, incorporated in the District of Columbia, which promotes election integrity, compliance with federal election laws, government transparency and constitutional government. Plaintiff ACRU brings this action in its individual and corporate capacities and also on behalf of its members and supporters who are registered to vote in the State of Mississippi.

5. The Defendant, Clarke County, Mississippi Election Commission, is a body created by Miss. Code Ann. §23-15-211 (Supp. 2015).

6. Multiple Mississippi statutes vest power in the Defendant to maintain voter rolls and place responsibility on the Defendant to ensure that only eligible voters are on the rolls. Miss. Code Ann. §23-15-153(1) (Supp. 2015) mandates, "[e]xcept for the names of those persons who are duly qualified to vote in the election, no name shall be permitted to remain on the registration books and pollbooks." Furthermore, Miss. Code Ann. §23-15-153(1) specifically requires the Defendant to "carefully revise the registration books and the pollbooks of the several voting precincts, and shall erase from those books the names of all persons erroneously on the books, or who have died, removed or become disqualified as electors from any cause." Miss.

Code Ann. §23-15-165(2) (1972, as amended) requires the Defendant to "enhance the maintenance of accurate county voter records."

## FACTUAL BACKGROUND

7. Defendant has a federal obligation to maintain accurate and current voter rolls which contain the names of only eligible voters residing in Clarke County. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 52 U.S.C. §21083(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. §20507(a)(4)(A)-(B). Local election officials such as the Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 52 U.S.C. §20507(d)(3).

8. Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. §20507(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and incompliance with the Voting Rights Act of 1965 (52 U.S.C. §10301 *et seq.*)." 52 U.S.C. §20507(b)(1).

9. Also pursuant to Section 8 of the NVRA, Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. §20507(i)(1).

3

10. Voter rolls maintained by the Defendant for Clarke County contain more voters registered to vote than citizens eligible to vote. In March 2015, according to data housed at the Mississippi Secretary of State's Office, Clarke County, Mississippi had 12,646 registered voters, despite having a voting age population of only 12,549 according to the United States Census. More than 100 percent of living citizens old enough to vote were registered to vote in Clarke County in 2015. Clarke County has had longstanding problems maintaining plausible numbers of registrants on the rolls. During the 2010 federal general election, over 101 percent of living citizens eligible to vote in Clarke County were registered to vote. Defendant is responsible for allowing this circumstance to occur. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated NVRA and other federal list maintenance statutes.

11. State election officials have repeatedly insisted that county registrants, including the Defendant, cure failures to reasonably maintain the rolls. But the Defendant has failed to implement a reasonable program to ensure compliance with NVRA and other federal list maintenance statutes. Mississippi law provides no mechanism (such as a private right of action or power to place the Defendant in receivership for dereliction of list maintenance obligations) to force compliance with federal law if Defendant refuses to exercise ministerial powers to ensure the voter rolls contain only the names of eligible and living voters. The only state remedy the citizens of Mississippi have to cure this circumstance is to vote the members of an election commission out of office, an electoral remedy which would be tainted by ineligible persons being eligible to participate in that very election.

12. The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of Mississippi's properly registered voters in the

4

integrity of the voter registration rolls and, accordingly, in the integrity of elections held in the State of Mississippi. *See also*, Noel, Apr. 5, 2005, A.G. Op. 05-0129 (Failure to properly purge rolls "could result in fraudulent use of names . . . which could affect validity of election.").

13. On June 10, 2014, Susan Carleson, the President of the ACRU, writing on behalf of ACRU and its members and supporters who are registered to vote in the State of Mississippi, sent a statutory notice letter to Dora McKenzie, then Chair of the Defendant Clarke County Election Commission, notifying her that the Defendant was in violation of federal voter registration laws. (Attached as Exhibit A.) The notice letter informed the Defendant that "your county is in apparent violation of Section 8 of the National Voter Registration Act (NVRA) based on our research." The letter explained that, "Based on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election Assistance Commission, your county is failing to comply with Section 8 of the NVRA." The letter, *inter alia*, stated: "In short, your county has significantly more voters on the registration rolls than it has eligible live voters." Since the ACRU sent the Defendant the notice letter, the situation has grown worse and the percentage of registrants compared to eligible residents has climbed, not decreased.

14. The June 10, 2014 letter also sought a variety of publicly available information which would tend to indicate whether or not the Defendant was in compliance with NVRA and other federal laws. Among the data requested were current registration data, the numbers of voters purged pursuant to maintenance obligations, the number of notices sent to inactive voters, the number of voters removed due to criminal conviction, and the most recent number of registered voters.

15. The June 10, 2014 letter also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible voters, explaining that the Defendant was required to make such records available under Section 8 of the NVRA.

16. The June 10, 2014 letter also notified Defendant that a lawsuit may be brought against it to ensure compliance with the requirements of federal voter registration laws.

17. The Defendant never responded to the June 10, 2014 notice letter. In June 2015, over a year later, the ACRU initiated contact with the Defendant in an effort to remedy the Defendant's failure to reasonably maintain the voter rolls. Prior to filing this action, the ACRU expended considerable time, energy, and monetary costs to encourage the implementation of a remedial program to clean the Defendant's registration records. At considerable expense, representatives of the Plaintiff travelled to Clarke County and attempted to meet with the Defendant to discuss remedial programs without success. ACRU has also expended significant monetary resources to encourage the Defendant to cure defects in existing registration rolls. After no progress was made, ACRU brought this action.

## PLAINTIFF ACRU

18. Plaintiff ACRU is a corporation with individual members and supporters. Members and supporters enable the mission of ACRU and some make financial contributions to support this mission.

19. Plaintiff, as an organization, has been harmed by Defendant's failure to properly maintain the voter rolls in Clarke County. Upon learning of the state of the voter rolls in Clarke County, the ACRU initiated efforts to remedy the circumstance of having more registrants than

eligible residents in Clarke County. An essential and core mission of the Plaintiff is to foster compliance with federal election laws, promote election integrity and ensure that only eligible voters may participate in American elections so as prevent dilution of legitimate votes by illegal votes. To that end, the ACRU first analyzed the data regarding Clarke County registrations, sent a notice to the Defendant seeking a remedy to the problem, initiated discussions with the Defendant in an effort to cure the problem, spent thousands of dollars and significant amounts of organizational resources toward a cure, travelled to Clarke County, and at considerable monetary expense, encouraged citizens of Clarke County to seek a cure. The ACRU has suffered pecuniary harm as an organization in the fruitless effort to implement a remedial program to cure problems with registration rolls in Clarke County.

20. Plaintiff has members and supporters in the State of Mississippi. Plaintiff's members and supporters in the State of Mississippi are registered to vote in the State of Mississippi. These members and supporters share Plaintiff's interest in the accuracy and currency of official lists of eligible voters in the State of Mississippi, as the accuracy and currency of these lists directly affects their right to vote.

21. Defendant's actions and omissions have injured and continue to cause injury to members and supporters of Plaintiff who are registered to vote in the State of Mississippi because they are undermining their confidence in the integrity of the electoral process and the effectiveness of their vote.

22. It is unlikely that any individual supporter would have the ability or the resources to take action to protect their individual interests or redress the injury to their right to vote absent collective action by Plaintiff.

7

23. Plaintiff, as an organization, has also been and continues to be harmed by the refusal of Defendant to provide substantive responses to requests for election data and the rights to inspect election records concerning the Defendant's voter list maintenance programs and activities, an issue of substantial public importance especially in an election year. Not only has the refusal of Defendant denied Plaintiff the ability to obtain records and data about an issue of substantial public importance, but it also is preventing Plaintiff from analyzing such records and information and disseminating its findings to the public. Consequently, Defendant is injuring the ability of Plaintiff to carry out its public interest mission.

24. As an integral part of its public interest mission, Plaintiff disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of the Plaintiff is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. Defendant's violation of NVRA has impaired and will impair Plaintiff from carrying out this public interest mission. Plaintiff itself has been harmed by Defendant's noncompliance with the NVRA.

## COUNT I
### (Violation of the NVRA: Failure to Conduct List Maintenance)

25. Plaintiff realleges paragraphs 1 through 24 as if fully stated herein.

26. Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. §20507 and 52 U.S.C. §21083(a)(2)(A).

27. Plaintiff has suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA and 52 U.S.C. §21083(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved Plaintiff by impairing its essential and core mission of fostering compliance with federal election laws, promotion of election integrity and avoiding

vote dilution when ineligible voters participate in elections. Defendant's failure to comply with the NVRA has caused the Plaintiff pecuniary injury.

28.     Plaintiff's members and supporters in Mississippi will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in Mississippi will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

29.     Plaintiff has no adequate remedy at law.

## COUNT II

### (Violation of the NVRA: Failure to Produce Records and Data)

30.     Plaintiff realleges paragraphs 1 through 29 as if fully stated herein.

31.     Defendant has failed to respond to Plaintiff's written request for data, failed to produce or otherwise failed to make records available to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Clarke County, in violation of Section 8 of the NVRA, 52 U.S.C. §20507(i).

32.     Plaintiff has suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiff does not have the data and records requested. The NVRA confers upon Plaintiff an individual right to information, and by denying that information to Plaintiff, Defendant caused a concrete injury to Plaintiff.

33.     Plaintiff will continue to be injured by Defendant's violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

34.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendant is in violation of Section 8 of the NVRA;

2. Enjoining the Defendant from failing or refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in the future;

3. Ordering the Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. §20510(c); and

4. Granting Plaintiff further relief that this Court deems just and proper, including potential preliminary injunctive relief to ensure that the 2015 Mississippi statewide election is not conducted in Clarke County using voter rolls with ineligible registrants.

Dated: July 27, 2015

Respectfully submitted,

For the Plaintiff American Civil Rights Union:

_____
Henry Ross
P.O. Drawer B
Eupora, Mississippi 39744
(662) 552-5603
henryross7@att.net
Mississippi State Bar No. 5687

J. Christian Adams
PUBLIC INTEREST LEGAL FOUNDATION
300 N. Washington Street, Ste. 405
Alexandria, Virginia 22314
(703) 963-8611
adams@publicinterestlegal.org
*Pro Hac Vice application to be filed*

Noel Johnson
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
(317) 203-5599
njohnson@publicinterestlegal.org
*Pro Hac Vice application to be filed*

10

> H. Christopher Coates
> AMERICAN CIVIL RIGHTS UNION
> 934 Compass Point
> Charleston, South Carolina 29412
> (843) 609-7080
> curriecoates@gmail.com
> *Pro Hac Vice application to be filed*

Attorneys for Plaintiff