IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMERICAN CIVIL RIGHTS UNION,    PLAINTIFF
in its Individual and Corporate Capacities

V.    CIVIL ACTION NO. 2:15CV101-KS-MTP

CLARKE COUNTY, MISSISSIPPI
ELECTION COMMISSION    DEFENDANT

## CONSENT DECREE

Plaintiff filed this action pursuant to Section 8 of the National Voter Registration Act of 1993 "NVRA"), 52 U.S.C. § 20507, to enforce obligations concerning voter registration lists maintenance efforts in elections for federal offices. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 52 U.S.C. § 20510.

Defendant is covered by the requirements of Section 8 of the NVRA with respect to elections for federal office and is obliged to maintain voter rolls in Clarke County, Mississippi. See 52 U.S.C. § 20503. Section 8 allows for the immediate removal of a voter from a registration list when the voter has died, been convicted of a disqualifying crime, when the voter requests to be removed, or when the voter has produced a writing indicating they no longer reside within the County. See 52 U.S.C. § 20507. Section 8 of the NVRA sets forth specific notice procedures and time frames before removing a voter when the county election commission obtains information that a voter no longer lives at his/her registration address of record (i.e., when undeliverable election mail or returned jury notices are received). See 52 U.S.C. §§ 20507(b)-(f). Defendant must comply with these notice provisions and time lines before removing such voters from its registration list.

Plaintiff alleges that Defendant conducted list maintenance that temporarily allowed the voter rolls to include more people registered to vote than there were citizens of voting age population in Clarke County according to available census data. As a result, Plaintiff claims Defendant violated the registration list maintenance obligations under Section 8 of the NVRA, 52 U.S.C. § 20507. Defendant denies it violated the same. Plaintiff and Defendant, through their respective counsel, however, have conferred and agree that this action should be settled without delay and expense of litigation. The parties negotiated in good faith and hereby agree to the entry of this Consent Decree ("Decree") as an appropriate resolution of the claims alleged in Plaintiff's complaint. The parties agree to waive a hearing and, thus, stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. **Deceased Voters Removal and Report.** The Defendant utilizes records from the Mississippi Department of Health for purposes of identifying deceased voters. The Defendant agrees it will also utilize the Social Security Master Death Index and utilize this data to identify additional parties who may be deceased. The Defendant shall make a determination, consistent with all notice requirements mandated by law, about these potentially invalid voter registrations and remove from the list of eligible voters of any registrant who has been positively identified as being a deceased voter. On or before October 31, 2016, Defendant shall inform counsel for the plaintiff in writing as to the total number of voters removed and the number of registrations for a deceased voter for which the county took no action. This data will be provided in concise summary form and Defendant will provide the aforementioned data.

2. **Countywide Mailing for Address Verification.** On or before April 29, 2016, Defendant shall conduct a countywide mailing, via first class mail, to all active and inactive registrants as described below.

### A. Active – United States Postal Service Change of Address Data

Active voters shall receive notice by non-forwardable mail. Upon receiving any mailings to active voters which are returned by the postal service as undeliverable to the registrant, Defendant shall conduct list maintenance as described in 52 U.S.C. § 20507(c)(1). Pursuant to 52 U.S.C. § 20507(c)(1)(A), Defendant shall obtain change of address information supplied by the Postal Service to identify registrants whose addresses may have changed. If it appears from this information that the registrant has moved to an address within Clarke County, Defendant shall correct the registration records to show the new address and shall send the registrant a notice of the change by forwardable mail containing a postage prepaid and preaddressed form by which the registrant may verify or correct the address, in accordance with 52 U.S.C. § 20507(c)(1)(B). If according to the information supplied by the Postal Service, the registrant has moved to an address outside of Clarke County, Defendant shall provide a notice described in 52 U.S.C. § 20507(d)(2) by forwardable mail, with a prepaid preaddressed return card on which the registrant may state their current address, together with the applicable notices described in 52 U.S.C. § 20507(d)(2)(A) and 52 U.S.C. § 20507(d)(2)(B).

### B. "Inactive" – Voters Who Have Not Voted For Two Federal Cycles

To any voter who may be currently classified as inactive by virtue of not voting in two consecutive federal election cycles, Defendant shall utilize procedures in 52 U.S.C.

§ 20507(d)(1)(B) and 52 U.S.C. § 20507(d)(2). Defendant has been, and shall continue to, mail a notice pursuant to 52 U.S.C. § 20507(d)(2) that contains a postage prepaid and pre-addressed return card sent by forwardable mail, on which the registrant may state their current address. The notice shall contain the language contained in 52 U.S.C. § 20507(d)(2)(A) and 52 U.S.C. § 20507(d)(2)(B). In conformity with 52 U.S.C. § 20507(d)(1)(B), Defendant shall remove from the rolls all registrants who have failed to respond to the notice described above (52 U.S.C. § 20507(d)(1)(B)(i)) and have not voted or appeared to vote in two federal general elections after the notice was sent (52 U.S.C. § 20507(d)(1)(B)(ii)).

C. **Registrants Who No Longer Reside In Clarke County – Other**

Registrants who confirm in writing that they no longer reside in Clarke County will be removed pursuant to 52 U.S.C. § 20507(d)(1)(A). This includes registrants who, in response to a jury summons, indicate that they are no longer residents of the county.

3. **Report on Countywide Mailing.** On or before July 29, 2016, Defendant shall provide counsel for Plaintiff information in writing that identifies, the number of voters who were identified as potentially ineligible through use of the measures set forth in Paragraph 2, *supra*, the number of voters actually removed from the registration database, and the total number of voters placed on inactive status after confirmation mailings. The data will be provided in concise summary form and will provide the aforementioned data. This data will also provide the total number of active and inactive voters as of June 30, 2016.

4. **Retention of Records.** Defendant shall retain voter registration and list maintenance records related to the terms of this agreement for the time periods

provided in 52 U.S.C. §§ 20507(i) and 1974. This will include all materials and documents necessary to the list maintenance obligations under the NVRA and state law.

5. **Right to Cure.** If Plaintiff believes at any time during the duration of this Consent Decree that the Clarke County Election Commission has violated any term or provision hereof, Plaintiff must give written notice of the specific alleged breach to the Clarke County Election Commission and allow the Clarke County Election Commission thirty days to remedy the breach before taking any action under this Consent Decree.

6. **Costs.** Each party shall bear its own costs with regard to actions taken by the parties up to and including the entry of this Decree and subsequent thereto.

7. **Binding Nature of Decree.** This Decree is binding on the Clarke County Election Commission, their successors in office, employees, representatives, delegates, agents, assigns, and all persons activing on their behalf, to the extent permitted by law or required by this Decree.

8. **Termination and Retention of Jurisdiction.** This Agreement shall remain in effect until December 31, 2018. The Court shall retain jurisdiction to enforce the terms of this Decree.

SO ORDERED. This, the 25th day of November, 2015.

_____
United States District Judge

5

Submitted by:

*/s/ Richard G. Norris, II*

Richard G. Norris, II (MSB #100755)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:  (601) 605-6900
Facsimile:  (601) 605-6901
rnorris@wellsmar.com

Greg Snowden (MSB #7675)
Post Office Box 3807
Meridian, Mississippi 39303-3807
Snowlaw@Onelifeamerica.com
**Attorneys for Clarke County, Mississippi Election Commission**

*/s/ Henry Ross*

Henry Ross, Esq. (MSB #5687)
Post Office Drawer B    662-552-5603
Eupora, Mississippi 39744   kennyross7@ATT.net

J. Christian Adams, Esq. *(PHV App to be filed)*
Public Interest Legal Foundation
300 N. Washington Street, Suite 405
Alexandria, Virginia  22314

Noel Johnson, Esq. *(PHV App to be filed)*
Public Interest Legal Foundation
209 W. Main Street
Plainfield, Indiana 48168
**Attorneys for Plaintiff**

6